United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 22, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| CB&I UK LIMITED, *et al.*,[1] | ) | Case No. 23-90795 (CML) |
| Debtors in Foreign Proceedings. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 138** |

**ORDER (I) RECOGNIZING AND GIVING FULL FORCE AND EFFECT TO (A) THE RESTRUCTURING PLAN AND THE ORDER OF THE ENGLISH COURT SANCTIONING THE RESTRUCTURING PLAN, AND (B) THE WHOA PLANS AND THE ORDER OF THE DUTCH COURT SANCTIONING THE WHOA PLANS; (II) ESTABLISHING PROCEDURES FOR CLOSING THESE CHAPTER 15 CASES; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Travis Brantley as the authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a), 1507, 1521, and 1525 of title 11 of the United States Code (the "Bankruptcy Code"): (a) giving full force and effect to the Plans and the Sanction Orders within the territorial jurisdiction of the United States; (b) permanently enjoining all parties affected or bound by the Plans and the Sanction Orders from commencing or taking any action within the territorial jurisdiction of the United States that is inconsistent with the Plans and Sanction Orders (the "Injunction"); (c) authorizing the Foreign Representative to seek entry of the Final Decree, the form of which is attached to the Motion as

[1] The Debtors in these cases, along with the last four digits of each Debtor's foreign identification number are: CB&I UK Limited (8080), McDermott International Holdings B.V. (2019), Lealand Finance Company B.V. (7866). The location of the Debtors' service address for purposes of these chapter 15 cases is: 915 North Eldridge Parkway, Houston, Texas 77079. Additional information may be obtained on the website of the Debtors' claims and noticing agent at https://www.cases.ra.kroll.com/CBIUK.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

Exhibit A, to close these chapter 15 cases upon the filing and serving of a notice of the occurrence of the Restructuring Effective Date and deeming this Motion to be the final report required to be filed by the Foreign Representative under Bankruptcy Rule 5009(c); (d) waiving the fourteen-day stay of effectiveness of the Order; (e) authorizing the Authorized Parties[3] to take any and all actions necessary to give effect to the terms of the Plans and transactions contemplated thereby; (f) exculpating the Debtors from any liability for any action or inaction taken prior to the Restructuring Effective Date in furtherance of, and/or in accordance with this Order or the Plans, except for any liability arising from any action or inaction constituting gross negligence, actual fraud, or willful misconduct as determined pursuant to a final order of this Court; and (g) granting related relief; and upon consideration of the Brantley Declaration, the Crawford Declaration, and the Struycken Declaration; and due and sufficient notice of the Motion, the Plans, and the Sanction Orders having been provided and no other notice need be provided; and no objections to the Motion having been filed that have not been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is consistent with the purposes of chapter 15 of the Bankruptcy Code and is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefore; and for the reasons stated on the record at the hearing on the matter;

[3] "Authorized Parties" shall mean (i) Crédit Agricole Corporate and Investment Bank, in its capacity as LC Administrative Agent; (ii) Wells Fargo Bank, N.A., as administrative agent under the Escrow LC Facility Agreement; (iii) Barclays Bank PLC, as Term Loan Administrative Agent; (iv) Wilmington Savings Fund Society, FSB, as administrative agent under that certain Escrow Agreement by and between Wilmington Savings Fund Society, FSB; McDermott International, Ltd; Lealand Finance Company B.V.; McDermott International Holdings B.V.; CB&I UK Limited; SPCP Access Holdings, LLC; SPCP Group, LLC; SPCP Institutional Group, LLC; X Cayman Ltd.; Y Cayman Ltd.; Q Cayman Ltd.; and XYQ Cayman, Ltd. ((i) through (iv), collectively, the "Administrative Agents"); (v) each of the Administrative Agents' agents, attorneys, successors, and assigns; (vi) the Steering Committee; (vii) the Ad Hoc Group; (viii) the Debtors; and (ix) each of the officers, directors, members, managers, partners, employees, shareholders, subsidiaries, affiliates, advisors, and representatives of the Steering Committee, the Ad Hoc Group, and the Debtors, each in their capacities as such.

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334.

C. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with Article III of the United States Constitution.

D. These chapter 15 cases are cases under the Bankruptcy Code in which the Debtors are under the jurisdiction of the Court. The English Court has jurisdiction over the English Debtor in the English Proceeding. The Dutch Court has jurisdiction over the Dutch Debtors in the Dutch Proceedings. The implementation of the Plans, which is approved by the Court herein, will result in the discharge of certain of the Group's liabilities and the extension of upcoming maturities pursuant to the Plans.

E. Venue is proper pursuant to 28 U.S.C. §§ 1410(1) and (3).

F. The Foreign Representative was duly recognized as the "foreign representative" of the Debtors pursuant to section 101(24) of the Bankruptcy Code and the Foreign Proceedings were recognized as "foreign main proceedings" pursuant to section 1502(4) of the Bankruptcy Code (the "Recognition Order").

G. In the interests of the public and international comity, the relief granted in this Order is necessary and appropriate, consistent with the public policy of the United States, warranted pursuant to sections 105(a), 1507, 1521, 1522, and 1525 of the Bankruptcy Code, and will not give

rise to undue hardship to any party in interest. To the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the requested relief to the Foreign Representative, the Debtors, the Group, their creditors, and other parties in interest.

H. The relief granted in this Order will effectuate the purposes of chapter 15 of the Bankruptcy Code and protect the Debtors, their creditors, and all parties in interest.

I. The relief granted in this Order (a) is essential to the success of the Foreign Proceedings and the Plans, including, without limitation, because the implementation of the Plans requires entry of this Order; (b) is an integral element of the Foreign Proceedings and the Plans, and is integral to their effectuation; and (c) confers material benefits on and is in the best interest of the Debtors, their creditors, and parties in interest.

J. Absent the relief granted in this Order, the Debtors and the Group may be denied the benefits of the Foreign Proceedings and the Restructuring Transactions by creditors seeking to recover on discharged claims, in direct conflict with the purpose of chapter 15 as set forth, inter alia, in section 1501(a) of the Bankruptcy Code. Such results could threaten, frustrate, and ultimately jeopardize the implementation of the Restructuring Transactions. Without the Injunction, the Debtors, the Group, and their assets may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative, or other actions or proceedings in connection with claims under the Foreign Proceedings against the Debtors, the Group, and their assets, thereby causing irreparable harm to the Debtors, the Group, their creditors, and other parties in interest.

K. The Injunction contained in this Order (i) is within the Court's jurisdiction to enter, (ii) is necessary to the success and objectives of the Foreign Proceedings, the Plans, and the Sanction Orders, and (iii) confers substantial benefits on, and is in the best interests of, the Debtors, the Group, their creditors, and all other parties in interest.

L. Pursuant to sections 1507 and 1521 of the Bankruptcy Code, the Foreign Representative, the Debtors, and the Group, as applicable, are entitled to the additional assistance and discretionary relief requested in the Motion.

M. Consistent with section 1507(b) of the Bankruptcy Code, the relief granted in this Order will reasonably assure: (i) the just treatment of all holders of claims against or interests in the Debtors' property; (ii) the protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in the Foreign Proceedings; (iii) the prevention of preferential or fraudulent dispositions of property of the Debtors; and (iv) the distribution of proceeds of the Debtors' property substantially in accordance with the manner prescribed in the Bankruptcy Code.

N. All creditors and other parties in interest, including the Debtors, are sufficiently protected in the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

For all of the foregoing reasons, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein. All objections, responses, or oppositions, if any, to the relief requested in the Motion that have not been withdrawn, waived, settled, or resolved are hereby overruled on the merits with prejudice.

2. The Plans and the Sanction Orders are hereby recognized, granted comity, and given full force and effect in the United States and are binding and enforceable, in accordance with their terms on all entities (as that term is defined in section 101(15) of the Bankruptcy Code) whose claims or interests (including sub-participations) are affected by the Plans and each of their

respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians, and similar officers, or any persons claiming through or in the right of any such persons or entities (collectively, other than the Group and their expressly authorized representatives and agents, the "Affected Entities"), whether or not the Affected Entity consented to be bound by or participated in the Foreign Proceedings; *provided*, *however*, that the foregoing shall not (i) apply to any obligations issued or required to be paid pursuant to the Plans and the Sanction Orders or (ii) enjoin any party from commencing an action to enforce the terms of the Plans, the Sanction Orders, or any document, instrument, or agreement executed to implement the Plans.

3. From and after the Restructuring Effective Date, except as expressly permitted by the Plans, the Sanction Orders, and the TSA, all Affected Entities are hereby permanently enjoined from asserting or seeking to enforce any debt, claim, or interest that is released, discharged, or affected by the Plans and the Sanction Orders, which in each case is in any way inconsistent with or would otherwise violate the Plans or the Sanction Orders, including:

i. the commencement or continuation, including the issuance or employment of process of, any judicial, administrative, or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien, or arbitration award against the Debtors or their assets or proceeds thereof, or to attach to or exercise any control over the Debtors' assets located in the United States except as authorized by the Debtors in writing;

ii. the creation, perfection, seizure, attachment, enforcement, or execution of liens, judgments, or prejudgments against the Debtors' property in the United States or from transferring, encumbering, or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative;

iii. any act or attempt to collect, assess, attach, or recover a claim against the Debtors that arose before the commencement of these chapter 15 cases;

iv. the setoff of any debt owing to the Debtors that arose before the commencement of these chapter 15 cases against any claim of the Debtors;

v. the transfer, relinquishment, or disposal of any property of the Debtors to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative and its expressly authorized representatives and agents; and

vi. the termination, modification, refusal to perform, or acceleration of obligations or exercise of remedies under any contract with any of the Debtors on the basis of (i) the insolvency or financial condition of the Debtors at any time before the closing of these cases or (ii) the commencement of the Foreign Proceedings or the commencement of these chapter 15 cases under this title;

*provided*, in each case, that the Injunction shall be effective solely within the territorial jurisdiction of the United States; *provided further* that nothing in this Order shall prevent any entity from (i) seeking enforcement of any rights or obligations under the Plans, the Sanction Orders, the TSA, or any document, instrument, or agreement executed to implement the Plans and the Sanction Orders, (ii) taking any actions or entering into transactions permitted by the Plans or the TSA, or (iii) seeking relief from the Foreign Courts in the Foreign Proceedings or this Court in these chapter 15 cases, as applicable, from the Injunction.

4. The Foreign Representative and the Debtors are authorized and empowered to, and may in their discretion and without further delay, execute and deliver documents to effectuate the Plans and take any action and perform any act necessary to implement and effectuate the terms of this Order, the Plans, and the Sanction Orders, including, without limitation, seeking any relief from this Court that may be necessary or appropriate to ensure that all conditions to the Restructuring Effective Date will be satisfied, in each case so long as not inconsistent with the Plans, the terms hereof, or the TSA. The Debtors, the Consenting Stakeholders, and the Foreign Representative are authorized and empowered to exercise all consent and approval rights provided

for in the Plans or the TSA in the manner set forth therein, whether prior to or after the Restructuring Effective Date.

5. The releases set forth in the Plans and confirmed by the Sanction Orders shall be granted comity and shall be enforced in the United States on the same terms set forth therein, including as to timing of effectiveness of such releases. Accordingly, following the Restructuring Effective Date, the assertion within the territorial jurisdiction of the United States of any claim against any person or entity released pursuant to the Plans or the Foreign Proceedings is barred.

6. The Authorized Parties are authorized to take any and all lawful actions necessary to give effect to and implement the Plans and the Sanction Orders and the transactions contemplated thereunder, including, without limitation, entry into the Amended Exit Credit Agreement and the Amended Escrow LC Facility Agreement, each as defined in the Restructuring Plan, if applicable, subject to the terms and conditions of the documents under which they have been appointed to act.

7. No action taken by the Foreign Representative, the Debtors, or their respective agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Foreign Proceedings, these chapter 15 cases, or any further proceeding commenced in these chapter 15 cases shall be deemed to constitute a waiver of the immunity afforded such persons under sections 306 or 1510 of the Bankruptcy Code.

8. Notwithstanding anything contained herein, the banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and

in the ordinary course and to receive, process, honor, and pay any and all such checks, drafts, wires, and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be. The Debtors are further authorized to manage their cash pursuant to their cash management systems maintained prior to the Petition Date and otherwise maintain their bank accounts in the United States, in each case in the ordinary course of business, including, without limitation, depositing and withdrawing funds, paying any bank fees or other charges, or otherwise performing their obligations under the documents governing their cash management systems or bank accounts.

9. No party shall incur any liability for following the terms of this Order, whether by acting or refraining from acting. The Debtors shall incur no liability and be exculpated from any liability for any action or inaction taken prior to or in connection with the Restructuring Effective Date in furtherance of this Order, including, without limitation, any actions or inactions taken after the Restructuring Effective Date, except for any liability arising from any action or inaction constituting gross negligence, actual fraud, or willful misconduct, in each case as determined pursuant to a final order of this Court.

10. Except to the extent modified in this Order, the relief granted in the Recognition Order shall continue in full force and effect.

11. Nothing herein shall enjoin a criminal action or proceeding. Notwithstanding any other provision of this Order, nothing herein shall enjoin (i) the pursuit by any person or entity of any rights or remedies granted to that entity pursuant to the Plans or the TSA, or (ii) the implementation and enforcement of the Plans, the Sanction Orders, or any agreement contemplated by or entered into in connection with the Plans.

12. The Motion satisfies the requirements of Bankruptcy Rule 5009(c), and the Foreign Representative's responsibility to submit a final report regarding the closure of these chapter 15 cases has been fulfilled.

13. Upon this Order becoming a final, non-appealable order and upon the occurrence of the Restructuring Effective Date, the Foreign Representative is authorized to seek entry of a final decree by filing a notice of the occurrence of the Restructuring Effective Date and serving such notice on the Notice Parties.

14. Notwithstanding any provision in the Bankruptcy Code or the Bankruptcy Rules to the contrary, including, but not limited to Bankruptcy Rules 1018, 3020(e), 6004(h), 7062, and 9014, (a) the terms and conditions of this Order shall be effective immediately and enforceable upon its entry, (b) the Foreign Representative is not subject to any stay of the implementation, enforcement, or realization of the relief granted in this Order, and (c) this Order shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: March 22, 2024

Christopher Lopez
United States Bankruptcy Judge